F. C. HILL v. I. N. ROACH ET AL.

Decided April 13, 1901.

**1.—Injunction—Local Option Election—Right to Maintain Action.**

That plaintiff was a citizen, voter, and taxpayer of the school district wherein a local option election was held, did not entitle him to maintain an action by injunction to restrain the commissioners court from declaring the result of such election.

**2.—Same—Void Election.**

If the commissioners court had no power to order the election, as alleged, its action was void, and a court of equity would not entertain a bill to enjoin it from doing what could not have resulted in injury to complainant.

Appeal from Parker. Tried below before Hon. J. W. Patterson.

*A. H. Culwell* and *Harry W. Kuteman,* for appellant.

*R. L. Stennis,* for appellees.

HUNTER, ASSOCIATE JUSTICE.—This suit was brought by appellant to enjoin the Commissioners Court of Parker County from declaring the result of a local option election held in school district No. 3, of said county, located in justice precinct of said county No. 2, held 28th day of April, 1900, upon the ground that the election in the justice's precinct, being held on the first day of July, 1899, and having resulted in favor of prohibition, the Commissioners Court has no power to order an election in a school district in said precinct until after the expiration of two years from the date of the precinct election; that the election in said school district was in favor of prohibition, and that, in addition to being unlawful for the reason above stated, the holding of said election at the time it was held would work an advantage to the advocates of prohibition. It is stated that petitioner is a citizen, voter, and taxpayer in the school district, and that the damages resulting to him will be irreparable, and that he has no remedy at law, and therefore prays for an injunction. The writ was granted by the Hon. J. M. Hall, then district judge of the district, and came on for trial upon the general demurrer, petition and answer of general denial, and an answer specially denying that any damage would or could result to the plaintiff, if the facts were as he alleged them to be.

Evidence was heard by the court, who tried the case without a jury, and the injunction was dissolved and the petition dismissed, and the plaintiff has appealed.

The facts are, that the election in justice precinct No. 2 went against prohibition, as declared by the District Court of Parker County by a final judgment on the same day and before this case was tried, and the local option law was not in force in school district No. 3 at the time this election was ordered, nor at the time it was held on April 28, 1900.

We are of opinion that the injunction was properly dissolved and the bill dismissed, for several reasons:

(1) The plaintiff as a citizen, voter, and taxpayer of the school district was not entitled to maintain the action by injunction, as is well settled in this State.

(2) If the Commissioners Court had no power to order the election as alleged, a court of equity would not entertain a bill to enjoin them from doing what could not have resulted in injury to complainant.

(3) But the evidence established that the justice precinct election of July 1, 1899, went against prohibition, and that the local option law was not in force in school district No. 3 at the time this election was held, which disproved the allegations of the bill.

The judgment of the District Court is therefore affirmed.

*Affirmed.*

Writ of error refused.